UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DAVID MCCARREN (2021-005791),

MAURICE ALLEN-JULIUS STEWART (2019-015051),

LEVERTIS RILEY, IV (2021-005178), and

WALTER GALLOWAY (2019-005154 / 462774),

    Plaintiffs,

v.

RAPHAEL WASHINGTON,
ROBERT DUNLAP,
ANTHONY BOYER,
PAMELA DONOHO-ROSE,
KARMEN RAMIREZ,
KENNETH TOTH,
TONIA WILLIAMS,
CIERRA CRAWFORD, and
PRYOR,

    Defendants.
_____/

Case No. 2:23-cv-13129
District Judge Brandy R. McMillion
Magistrate Judge Anthony P. Patti

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFFS' RENEWED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION AND FOR A TEMPORARY RESTRAINING ORDER (ECF No. 30)</u>**

**I.     RECOMMENDATION**: The Court should **DENY WITHOUT PREJUDICE** Plaintiffs' renewed emergency motion for preliminary injunction

1

and for a temporary restraining order (ECF No. 30).

## II.  REPORT

On July 23, 2024, Plaintiffs filed a renewed emergency motion for preliminary injunction (PI) and for a temporary restraining order (TRO).  (ECF No. 30.)  The *certificate of service* for this motion appears to have been signed by each of the four Plaintiffs on July 11, 2024 (*see* ECF No. 30, PageID.273), and each has provided a declaration dated eight months earlier, *i.e.*, November 20, 2023 (*see id.*, PageID.274-277).  Attached to this motion are approximately 82 pages of exhibits. (*See id.*, PageID.278-344; ECF No. 30-1, PageID.345-359 [Exhibits A-N].)

On August 2, 2024, Defendants filed a motion to stay proceedings until their motion to sever is decided.  (ECF No. 31.)  In a September 9, 2024, text-only order, the Court granted the motion as unopposed and because the logic of the motion was sound, further noting that the Court was not in a position to resolve or decide Plaintiffs' requests for various forms of relief until it determines who the proper parties to this action are and whether relief must be separately pursued.[1]

---

[1] Galloway's copy of the Court's September 9, 2024 text-only order, which was mailed to Wayne County Jail (WCJ) on September 10, 2024, was returned as undeliverable.  (ECF No. 32.)  This return makes sense, considering that Galloway was sentenced on August 14, 2024 in Case No. 19-006329-01-FC, and he appears to have been transferred to the MDOC's custody on or about August 20, 2024 (based on the Offender Tracking Information Systems (OTIS) image date).  *See* www.michigan.gov/corrections, "Offender Search," (last visited Dec. 27, 2024).  Although Galloway is now located at the MDOC's KCF (*see id.*), he has not filed a notice with his new contact information.  *See* E.D. Mich. LR 11.2 ("Failure to

2

By an order entered this date (ECF No. 33), the Court has granted Defendants' motion to sever (ECF No. 25) and now must undertake the administrative tasks of severing the cases and addressing any related effect upon the filing fee(s). Accordingly, the Plaintiffs' renewed emergency motion for PI and for a TRO (ECF No. 30) should be **DENIED WITHOUT PREJUDICE** to renewal by the individual Plaintiffs, if and when they decide to pursue their severed cases. Of course, any such future motion should take into consideration whether claims for injunctive relief concerning WCJ have been rendered moot by an individual Plaintiff's transfer to another facility. *See, e.g.*, *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

---

Provide Notification of Change of Address'). Therefore, his address of record remains WCJ.

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: January 8, 2025

Anthony P. Patti
United States Magistrate Judge