UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEVERTIS RILEY,

        Plaintiff,

v.

RAPHAEL WASHINGTON,
*et al.*,

        Defendants.

_____/

Case No. 2:25-cv-10117
District Judge Brandy R. McMillion
Magistrate Judge Anthony P. Patti

**ORDER SETTING A DEADLINE FOR PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION, REQUIRING PLAINTIFF TO UPDATE HIS
ADDRESS OF RECORD, and DIRECTING THE CLERK TO SERVE THIS
ORDER AT TWO ADDRESSES**

**A.     The Operative Pleading is Plaintiff's May 23, 2025 amended complaint.**

On December 7, 2023, Levertis Riley – along with three other individuals then located at the Wayne County Jail (WCJ) Division 2 at 525 Clinton Street, Detroit, MI 48226 – filed a combined lawsuit *in pro per* against Wayne County Sheriff Raphael Washington and eight others associated with the WCJ.  (ECF No. 1, PageID.1, 3-5.)  Following the Court's January 8, 2025 order granting Defendants' motion to sever misjoined Plaintiffs (*see* ECF No. 33), Riley was assigned Case No. 2:25-cv-10117-BRM-APP.

On April 4, 2025, the Court entered an order requiring Riley to do several things, including filing an amended complaint if he intended to continue

prosecuting this case.  (ECF No. 39.)  Plaintiff filed an amended complaint on May 23, 2025.  (ECF No. 40.)  Shortly thereafter, the Court entered a scheduling order, which, *inter alia*, set the fact discovery deadline for January 16, 2026 and the dispositive motion cut-off for March 6, 2026.  (ECF No. 41.)

**B.**     **The Court extends the deadline for Plaintiff to respond to Defendants' pending motion.**

Judge McMillion has referred this case to me for pretrial matters.  (ECF No. 15.)  Currently pending before the Court is Defendants' March 5, 2026 motion for summary judgment (ECF No. 43), which argues that:

- Claims Nos. (1)-(3) must be dismissed as they do not comply with the requirements of the PLRA;

- Plaintiff's right to access claim additionally fails as he has not alleged a serious injury which would give rise to a claim;

- Additionally, Plaintiff's First Amendment claim fails as he has not alleged any capricious interference based upon personal prejudice;

- Plaintiff's visitation claim should be dismissed for a lack of factual support and dismissed as a matter of law as there is no recognized constitutional right and because he fails to overcome qualified immunity;

- Plaintiff's claim of denial of medical treatment should be dismissed for lack of factual support; and,

- Plaintiff's complaint of sexual assault should be dismissed for lack of factual support.

(*Id.*, PageID.444-456.)

Ordinarily, Plaintiff's response to Defendants' motion would have been due "within 21 days following service of the motion[.]" *See* E.D. Mich. LR 7.1(e)(2)(A).  To date, no response has been filed.  Upon consideration, the Court **HEREBY EXTENDS** Plaintiff's deadline to file a response to **Friday, May 22, 2026**.

**C.      Plaintiff's address of record appears to be incorrect.**

At the time Plaintiff submitted his amended complaint – which is also his most recent filing – he was assigned Identification No. 2021-005178 and was located at the Wayne County Adult Detention Facility (WCADF), 5301 Russell Street, Detroit, MI 48211.  (*Id*., PageID.407.)  WCADF remains Plaintiff's address of record.

However, according to the Michigan Department of Corrections (MDOC) Offender Tracking Information System (OTIS), Riley – who has been assigned MDOC Number 361151 – is currently located at St. Louis Correctional Facility (SLF), where he is serving sentences imposed in state court on July 28, 2025 and February 4, 2026.  *See* Case Nos. 22-001955-01-FC (Wayne County), 25-006502-01-FH (Wayne County).  Indeed, the "image date" on OTIS suggests that his address changed in late July 2025.

**D.      Plaintiff must update his contact information.**

"If there is a change in [a party's] contact information, that person promptly must file and serve a notice with the new contact information.  The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs." E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address").

On February 12, 2025, the Clerk of the Court sent Plaintiff a "Notice Regarding Parties' Responsibility to Notify Court of Address Change."  (ECF No. 37.)  However, the copy sent to Plaintiff was returned to the Court as undeliverable.  (ECF No. 38.)

Considering the apparent inaccuracy of Plaintiff's address of record, he **SHALL** update his contact information, in writing, no later than **Friday, May 15, 2026**.  To ensure Plaintiff's receipt of this order, the Clerk of the Court is **DIRECTED** to serve a copy of this order at two locations – WCADF (his current address of record) and SLF (his apparent current address).  <u>This is a one-time occurrence, and Plaintiff should not expect service at multiple locations to continue.</u>  **<u>If he moves again and does not promptly update his address with the Court, or if he fails to timely respond to the pending motion for summary judgment, he is HEREBY WARNED that he risks having his case dismissed for failure to prosecute.</u>**

**IT IS SO ORDERED.**

Dated:  April 17, 2026

ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE