UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEVERTIS RILEY, IV (#361151),

      Plaintiff,

v.

RAPHAEL WASHINGTON,
ROBERT DUNLAP,
PAMELA DONOHO-ROSE,
KENNETH TOTH,
KARMEN RAMIREZ,
TONIA WILLIAMS,
MS. PRYOR,
ANTHONY BOYER, and
CIERRA CRAWFORD,[1]

      Defendants.

_____/

Case No. 2:25-cv-10117

District Judge Brandy R. McMillion
Magistrate Judge Anthony P. Patti

**ORDER DENYING PLAINTIFF'S LETTER REQUESTS (ECF No. 46)**

**I.     OPINION**

    **A.     Background**

Levertis Riley, IV is currently located at the Michigan Department of
Corrections (MDOC) St. Louis Correctional Facility (SLF), where he is serving
sentences imposed on July 28, 2025 in Case No. 22001955-01-FC (Wayne County)
and on February 4, 2026 in Case No. 25006502-01-FH (Wayne County).

---

[1] Defendants' full names have been adjusted based on counsel's appearances. (*See* ECF Nos. 27, 42.)

1

In December 2023, Riley – then a pretrial detainee – and three other pre-trial detainees initiated this lawsuit against Wayne County Sheriff Raphael Washington and eight other individuals, each seemingly associated with the Wayne County Jail (WCJ), regarding conditions at WCJ.  *See* Case No. 2:23-cv-13129 (E.D. Mich.) (ECF No. 1, ¶¶ 8-37, therein).  Based on Wayne County's September 3, 2024 opening of its Criminal Justice Center (CJC), the Court assumes Riley transferred from WCJ to the Wayne County Adult Detention Facility (WCADF) that same month.[2]

In January 2025, the Court granted Defendants' motion to sever (*see* ECF No. 33), after which Riley was assigned his own case number.  *See* Case No. 2:25-cv-10117-BRM-APP (E.D. Mich.).

### B.    Operative Pleading

Riley's currently operative pleading is his verified amended complaint – which is dated May 5, 2025, was submitted while he was located at the Wayne County Adult Detention Facility (WCADF), and was filed in this Court on May 23, 2025 – against nine (9) Defendants, each described as located at the WCADF.

---

[2] *See* https://engage.waynecountymi.gov/criminal-justice-center/news_feed/wayne-county-officials-announce-opening-of-newly-constructed-criminal-justice-center; https://legalnews.com/Home/Articles?DataId=1547409; https://www.detroitnews.com/story/news/local/wayne-county/2024/09/03/wayne-county-criminal-justice-center-open-jail/75001687007/.  (*See also* ECF No. 40, PageID.422.)

(ECF No. 40, PageID.407-410.)  Plaintiff alleges Defendants violated his First Amendment right of access to the courts, his Fourteenth Amendment rights to access mail, his constitutional rights to visitation, and his constitutional rights to medical (dental) treatment.  (*Id*., PageID.411.)  He describes three injuries and seeks, *inter alia*, declaratory and injunctive relief, as well as compensatory and punitive damages.  (*Id*., PageID.415.)

Shortly after Riley filed his amended complaint, the Court entered an initial scheduling order, which, *inter alia*, set the deadlines for:  (1) "[m]otions based on Fed. R. Civ. P. 12(b)(6), exhaustion (*see* 42 U.S.C. § 1997e(a)), or qualified immunity" for **August 14, 2025**; (2) "fact discovery" for **January 16, 2026**; and, (3) "Rule 56 motions other than for failure to exhaust" for **March 6, 2026**.  (ECF No. 41 (emphases added).)

### C.    Plaintiff's response to Defendants' motion for summary judgment (ECF No. 43) is currently due on July 1, 2026.

Judge McMillion has referred this case to me for pretrial matters.  (ECF No. 15.)  Currently before the Court is the Wayne County Defendants' March 5, 2026 motion for summary judgment (ECF No. 43), which presents the following six arguments:

1.    Claims Nos. (1)-(3) must be dismissed as they do not comply with the requirements of the PLRA.

2.    Plaintiff's right to access claim additionally fails as he has not alleged a serious injury which would give rise to a claim.

3

3.   Additionally, Plaintiff's First Amendment claim fails as he has not alleged any capricious interference based upon personal prejudice.

4.   Plaintiff's visitation claim should be dismissed for a lack of factual support and dismissed as a matter of law as there is no recognized constitutional right and because he fails to overcome qualified immunity.

5.   Plaintiff's claim of denial of medical treatment should be dismissed for lack of factual support.

6.   Plaintiff's complaint of sexual assault should be dismissed for lack of factual support.

(*Id.*, PageID.444-456.)

The Court's April 17, 2026 order addressed multiple items, including setting a May 22, 2026 deadline for Plaintiff's response.  (ECF No. 44, PageID.541-542.) Also, because Riley's address of record appeared to be incorrect, the Clerk of the Court was directed to serve a copy of the order at two locations – WCADF (his then address of record) and SLF (his then apparent current address).  (*Id.*, PageID.542-543.)[3]

By an order entered June 3, 2026, Plaintiff's response is now due on July 1, 2026.  (ECF No. 47.)

---

[3] Not surprisingly, the copy of this order sent to Plaintiff at the WCADF was returned as undeliverable.  (ECF No. 45.)

**D.      Plaintiff's May 21, 2026 letter requests (ECF No. 46)[4]**

In a letter dated May 10, 2026, post-marked May 14, 2026, and filed May 21, 2026, Plaintiff suggests he did not receive a copy of the Court's June 3, 2025 scheduling order, which set the discovery deadline for January 16, 2026 (*see* ECF No. 41).  (ECF No. 46.)[5]  He questions:  (1) the Court's "dismiss[al] [of] anything that [he] was unaware of" when he was "without legal representation[;]" (2) how he will compel Wayne County "to provide documentation of their wrongdoing or assaultive behavior[,]" especially when he is "sitting in a cell 2 hours away, wrongfully convicted in a level 4 prison[,]" where "most times the prison is locked down," and, when it is not, "we're only allowed limited if any [access] to [the] law

---

[4] Plaintiff's letter to the Court is very respectful and straightforward, but he is reminded, as stated in my Practice Guidelines for *pro se* litigants, that, "The Court does not give legal advice to either side and expects that pleadings and motions will be in appropriate form. Letters to the Court are neither pleadings nor motions and will be stricken."  The Court has chosen not to strike this letter, but future letters of this sort will be stricken and not considered.

[5] Copies of the Court's June 3, 2025 scheduling order (ECF No. 41) were served upon Riley at two addresses, WCJ-Division 1 (570 Clinton Street) and WCADF (5301 Russell Street).  There is no indication on the docket that either copy of the June 3, 2025 scheduling order (ECF No. 41) was returned to the Court as undeliverable.  As indicated in a prior order, the "image date" on the MDOC's Offender Tracking Information System (OTIS) suggests that Plaintiff's address changed from WCADF to MDOC in late July 2025 (*see* ECF No. 44, PageID.542), perhaps in response to the sentences imposed on July 28, 2025 in Case No. 22001955-01-FC (Wayne County).

library[;]" and, (3) "[w]hat has been the penalty for Wayne County not responding in a timely fashion or withholding files relevant to [his] claims[.]" (ECF No. 46.)

Plaintiff contends he is "still being denied [access] to the courts[,]" (*id*.), and he ultimately asks the Court for two things.

### 1. Writ

Plaintiff asks the Court to "writ [him] out to Wayne County where [he] can prepare properly and have better access[.]" (ECF No. 46, PageID.546.) However, the Court is not able to order the relief Plaintiff's seeks. Plaintiff is now in MDOC custody pursuant to sentences imposed on July 28, 2025 in Case No. 22001955-01-FC (Wayne County) and on February 4, 2026 in Case No. 25006502-01-FH (Wayne County), and the MDOC presently does not have a correctional facility within Wayne County.[6]

Moreover, and perhaps more importantly, "[t]he courts are . . . reluctant to get involved in decisions involving prisoner placement." *Garren v. Prisoner Health Servs.*, No. CIV.A. 11-14650, 2012 WL 204481, at *5 n.4 (E.D. Mich. Jan.

---

[6] *See* https://www.michigan.gov/corrections/-/media/Project/Websites/corrections/LG/Prison-Location-Map.pdf?rev=f92c8d4a9c7a4211af220cf7a15c8b32&hash=E80DF35C731D8B5B493C06C666080B67 (last visited June 5, 2026). The MDOC's Mound Correctional Facility (NRF) closed on January 8, 2012, and the MDOC's Detroit Reentry Center (DRC) closed on January 9, 2021. *See* https://www.michigan.gov/corrections/prisons/closed-facilities (last visited June 5, 2026).

6

4, 2012) (Michelson, M.J.), *report and recommendation adopted sub nom. Garren v. Prison Health Servs.*, No. 11-CV-14650-DT, 2012 WL 204468 (E.D. Mich. Jan. 24, 2012) (Rosen, C.J.). *See also Christian v. Michigan Dep't of Corr.--Health Servs.*, No. 12-12936, 2013 WL 607783, at *3 n.3 (E.D. Mich. Jan. 28, 2013) (Michelson, J.) (same), *report and recommendation adopted*, No. 12-CV-12936, 2013 WL 607779 (E.D. Mich. Feb. 19, 2013) (Murphy, J.).

### 2. Counsel

Plaintiff asks the Court to "appoint [him] coun[s]el" to assist with legal issues, getting records, and filing motions. (ECF No. 46, PageID.546.) In February 2024, Plaintiff – along with his then co-plaintiffs – was granted leave to proceed *in forma pauperis*. (ECF Nos. 2, 13.) When a Plaintiff is proceeding *in forma pauperis*, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added).

"Although federal district courts have the discretion under 28 U.S.C. § 1915(e)(1) to 'request an attorney to represent any person unable to afford counsel,' there is no constitutional right to court-appointed counsel in a civil case." *United States v. Barker*, 652 F. Supp. 3d 865, 877 n.1 (E.D. Mich. 2023) (citing *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995)). "The appointment of counsel is only justified by exceptional circumstances." *Barker*, 652 F. Supp. 3d at

7

877 n.1 (citing *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993)). "In determining whether exceptional circumstances are present the court must consider the nature of the case, the complexity of the factual and legal issues involved, and the plaintiffs' ability to represent themselves." *Id*. (citing *Lavado*, 992 F.2d at 606).

Riley's letter does not convince the Court that these factors have been met. Moreover, the Court has found Riley's latest filings – *i.e.*, his May 23, 2025 amended complaint (ECF No. 40) and the instant, May 21, 2026 letter (ECF No. 46) – easy to understand. And, if, as Plaintiff states in his letter, "[t]here are medical records that would prove [his] injuries that [he] sustained in Wayne County[,]" (ECF No. 46, PageID.546), then, consistent with Fed. R. Civ. P. 34, and before the close of discovery, he could have served a related request upon Defendants to produce such documents.

## II.    ORDER

Accordingly, Plaintiff's letter requests (ECF No. 46) are **DENIED**.

**IT IS SO ORDERED.**[7]

---

[7] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated:  June 15, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE