UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEVERTIS RILEY,

Plaintiff,

v.

RAPHAEL WASHINGTON, et al.,

Defendant.

_____________________________________/

Case No. 2:25-cv-10117

District Judge Brandy R. McMillion
Magistrate Judge Anthony P. Patti

**ORDER STRIKING MOTION FOR EXTENSION (ECF NO. 51), PROHIBITING FILINGS ON PLAINTIFF'S BEHALF BY NON-ATTORNEYS AND EXTENDED HIS RESPONSE DEADLINE, SUA SPONTE**

Non-attorneys are prohibited from filing anything on the docket on behalf of parties, as to do so would constitute the illegal and unauthorized practice of law by advocating on another's behalf in court. *See Lutz v. Lavelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991) (party may not contract with a non-lawyer to represent him in legal proceedings in federal court); *Brown v. Bobbett*, No. 20-1278-JDT-CGC, 2021 WL 982335, at *1 (W.D. Tenn. Mar. 16, 2021) ("A non-lawyer may not represent another non-lawyer in connection with a matter pending in federal court." ) (citing *Ohio Nat'l Life Assurance Corp. v. Langkau*, No. 2007 WL 1951500, *1 (M.D. Fla. July 2, 2007) (non-lawyer may not represent an otherwise *pro se* litigant, even through a power of attorney). Under the Local Rules of this

Court, attorneys and *parties themselves* are required to keep their addresses updated with the Clerk's Office and only they are permitted to file address changes, lest a non-party nefariously cut off communication between the Court and the party. E.D. Mich. LR 11.2 ("Every *attorney* and every *party* not represented by an attorney must include *his or her* contact information consisting of his or her address, e-mail address, and telephone number on the first paper *that person* files in a case. If there is a change in the contact information, *that person* promptly must file and serve a notice with the new contact information.") (Emphases added). In other words, as a *pro se* litigant, it is Plaintiff Levertis Riley's sole responsibility to keep the Court apprised of his address. Although the Court will make a one-time exception to this rule by accepting the recent *change of address notice* (ECF No. 52) purportedly filed by Plaintiff's mother, Deidra Lucas – and will only do so because it has been able to independently verify this address information through OTIS[1] – the Court will not accept the "Motion for Extension of Time to Supply the Courts with Needed Documents" (ECF No. 51) that was also purportedly filed by Deidra Lucas. Non-attorneys may not file motions on anyone else's behalf. Accordingly, ECF No. 51 is **HEREBY STRICKEN,** and notice is given that the Court will only accept filings on behalf of Plaintiff from himself or from a licensed attorney who is admitted to this Court and files an appearance on his

[1] See https://mdocweb.state.mi.us/OTIS2/Profile [last checked Sept. 9, 2026].

behalf. Filings from anyone else would constitute the illegal and unauthorized practice of law. Thus, *any* additional filings that violate this rule will be stricken without further explanation.

In light of whatever misunderstanding under which Plaintiff may have been operating in this regard, his deadline for responding to the pending motion for summary judgment (ECF No. 43) is **HEREBY EXTENDED** for the final time to **October 16, 2026**. It is **SO ORDERED**.

Dated: September 9, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE